57 CCPA

The BARASH COMPANY, Inc.,
Appellant,

v.

VITAFOAM LIMITED, Appellee.
Patent Appeal No. 8306.

United States Court of Customs
and Patent Appeals.
June 25, 1970.
Rehearing Denied Oct. 22, 1970.

James M. Heilman (Heilman & Heilman), Washington, D. C., attorney of record, for appellant.

Appellee submits on record.

Before RICH, Acting Chief Judge, ALMOND, BALDWIN, and LANE, Judges, and ROSENSTEIN, Judge, Unit-ed States Customs Court, sitting by designation.

BALDWIN, Judge.

This is an appeal from the decision [1] of the Trademark Trial and Appeal Board dismissing a petition to cancel the registration [2] of the mark "Vitafoam" owned by Vitafoam Limited, a British Corporation.

The petitioner, appellant here, The Barash Company, Inc., asserts priority of use, not contested, based on its ownership of the registration,[3] of the mark "Vitalon" for plastic sheet material for general industrial purposes, including use in luggage and upholstering.

The mark "Vitafoam" is registered for pillows, cushions and upholstery parts of furniture; furniture; underlays for carpets; webbing and members for supporting cushions, upholstery and the like in furniture and vehicle seating; for luggage; rubber and plastic materials for use as stuffing for upholstery and the like.

The appellee does not question the fact that the goods of the parties are closely related in kind. The only question remaining for our consideration, therefore, is whether or not the marks of the parties, as applied to the related goods, are so similar as to be likely to cause confusion, mistake or deception.

The testimony in the record bears out the fact that there is no evidence of actual confusion in the past between the marks "Vitafoam" and "Vitalon". Further, it appears that Vitalon products are sold directly to manufacturers or distributors or jobbers who, in turn, resell to manufacturers. Such customers would be highly discriminating purchasers in any event.

Having considered appellant's argument and reviewed the evidence in the record as stated above, we conclude that the board was correct in holding there

1. Opinion at 155 USPQ 267 (TTAB 1967).

2. Reg. No. 787,669, issued April 6, 1965, on application filed November 12, 1963.

3. Reg No. 731,626, issued May 15, 1962.

would be no likelihood of confusion or mistake when the marks are applied to the goods of the parties.

The decision is affirmed.

Affirmed.